STATE OF MAINE
OXFORD, ss.



RECEIVED AND FILED

FEB 25 2002

Donna L. Howe
CLERK OF COURTS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-006

TDVJ - 0\= o/25 200

MARY-ANNE TYLER,

Petitioner

v.

MAINE DEPARTMENT OF LABOR,

Respondent

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

This is an appeal from a decision of the Maine Unemployment Insurance Commission pursuant to 26 M.R.S.A. § 1194(8), 5 M.R.S.A. § 11007(4) and M.R. Civ. P. 80C.

On an appeal of this nature, the function of judicial review is to determine whether the Commission's factual findings are supported by any competent evidence and whether the Commission correctly applied the law. McPherson v. Maine Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818, 820. If there is substantial evidence in the record to support the Commission's findings, those findings must be upheld unless the record before the Commission compels a contrary result. Id.

In this case the record contains competent evidence to support the Commission's finding that petitioner was not an employee of Alpha One or Attendant Services, Inc. as she listed in her original application for benefits (R. 70). Alpha One and/or Attendant Services merely processed payroll for Medicaid

recipients who hired personal care attendants. Ms. Tyler's actual employer was apparently never given notice of the proceedings and did not participate below.

However, notwithstanding this deficiency,[1] the State argues that, based on Ms. Tyler's own testimony at the hearing, there is substantial evidence in the existing record to support the Commission's finding that Ms. Tyler left regular employment voluntarily without good cause attributable to that employment. After a review of the record, the court agrees. Moreover, Ms. Tyler has not demonstrated any respect in which the Commission incorrectly applied the law.

The entry shall be:

The Commission's decision is affirmed.

Dated: February 25, 2002 

Thomas D. Warren
Justice, Superior Court

---

[1] It could be argued that Ms. Tyler bears responsibility for this deficiency since she appears to have assumed that Alpha One or Attendant Services, Inc. was her employer. At oral argument, however, counsel for the Commission suggested that Ms. Tyler should not be held responsible under the circumstances for the failure to notify the correct employer.

Date Filed **06-26-01**   **OXFORD** County   Docket No. **AP-01-06**

Action **Rule 80C Appeal**

MARY-ANNE TYLER

STATE OF MAINE
UNEMPLOYMENT INSURANCE COMMISSION

vs.

Plaintiff's Attorney **Pro se.**

501 ELLIS RIVER RD
RUMFORD ME 04276

Defendant's Attorney
ELIZABETH WYMAN AAG
PAMELA WAITE AAG
STATE OF ME DEPT OF ATTY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

| Date of Entry | |
|---|---|
| 06-26-01 | Fee of $100 received along with Appeal for Review of Maine Unemployment Security Commission filed by Mary-Anne Tyler. |
| 08-24-01 | Entry of Appearance of Pamela Waite, AAG and Elizabeth Wyman, AAG filed on behalf of Me. Unemployment Insurance Commission filed. |
| 08-24-01 | Administrative Record of Unemployment Insurance Commission filed. |
| 08-24-01 | Notice and Briefing Schedule filed. The petitioner's brief is due Wednesday, October 3, 2001. Copy mailed to Mary-Anne Tyler and AAG Waite and Wyman. |
| 09-20-01 | Petitioner's Brief filed. |
| 10-26-01 | Brief of Respondent Maine Unemployment Insurance Commission filed. |
| 02-25-02 | Hearing Held on 80c Appeal: Warren, J. presiding, Elizabeth Wyman, A.A.G., Mary-Anne Tyler, No Court Reporter. Oral Arguments heard on 80C Appeal. Taken under Advisement. |
| 02-25-02 | Decision and Order on Appeal 80C filed: The Commission's Decision is affirmed. S/Warren, J. Dated: February 25,2002. Copy to Mary-Ann Tyler, and Elizabeth Wyman, A.A.G. |